SCHWARTZ, Senior Judge.
This is an appeal from a judgment terminating the parental rights of both the mother and the father to three female children, based essentially on sexual abuse of a sibling of the children in question by the father and the mother’s failure to appropriately protect the other children from the dangers he presented. § 39.806(l)(f), (g), Fla. Stat. (2012).[1] See N.R.R. v. Dep’t of Children & Families, 959 So.2d 359 (Fla. 3d DCA 2007); Dep’t of Children & Families v. B.B., 824 So.2d 1000 (Fla. 5th DCA 2002). See generally In re Z.C. (1), *1006 88 So.3d 977, 989-96 (Fla. 2d DCA 2012) (Altenbernd, J., concurring).
The thrust of the parents’ contentions on appeal is that, although the record supports the trial judge’s resolution of the disputed issue of whether the abuse occurred, the result was tainted by several allegedly erroneous rulings in the admission and rejection of evidence at the trial. We have carefully examined each of the arguments presented and find that none of them present reversible error: the rulings complained of did not constitute an abuse of discretion, were harmless, or both. See § 59.041, Fla. Stat. (1967); Johnston v. State, 863 So.2d 271, 278 (Fla.2003) (“A trial judge’s ruling on the admissibility of evidence will not be disturbed absent an abuse of discretion.”).
Affirmed.

. (1) Grounds for the termination of parental rights may be established under any of the following circumstances:
[[Image here]]
(f) The parent or parents engaged in egregious conduct or had the opportunity and *1006 capability to prevent and knowingly failed to prevent egregious conduct that threatens the life, safety, or physical, mental, or emotional health of the child or the child’s sibling....
(g) The parent or parents have subjected the child or another child to aggravated child abuse as defined in s. 827.03, sexual battery or sexual abuse as defined in s. 39,01, or chronic abuse.
§ 39.806(1 )(f)-(g), Fla. Stat. (2012).